**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 19th day of January, 2023.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

IN RE:

JUSTEN L. GREEN,                            Case No. 20-21711-7-RDB
                Debtor

ILENE J. LASHINSKY,
                Plaintiff,
vs.                                              Adversary No. 21-06015

JUSTEN L. GREEN,
                Defendant.

### ORDER FOR AND NOTICE OF EVIDENTIARY HEARING
[SPECIAL SETTING]

NOTICE IS HEREBY GIVEN that an EVIDENTIARY HEARING to consider and act upon: **41 OBJECTION/REVOCATION OF DISCHARGE - 727(c)(d),(e)** will be held before the U.S. Bankruptcy Court, 500 State Avenue, Room 151, Kansas City, Kansas 66101, on: MAY 4, 2023 at 9:30 A.M.

The trial or hearing shall be completed within the time requested by the parties and

allowed by the Court. This hearing is set for ONE DAY.

> **COUNSEL ARE ADVISED THAT THIS MATTER HAS BEEN SPECIALLY SET ON THE COURT'S DOCKET. ABSENT EXCEPTIONAL CIRCUMSTANCES FOR GOOD CAUSE SHOWN, CONTINUANCES WILL NOT BE GRANTED.**

Counsel shall provide the following **IN ADVANCE OF THE HEARING**:

1. TRIAL EXHIBITS

    Counsel are directed to furnish the Court and each party with copies of all exhibits no later than **three (3) business days** in advance of the hearing, marked in compliance with D. Kan. LBR 9072.1 and prefaced by an exhibit list in a form substantially in compliance with the form enclosed. The Court shall receive **three (3) copies** of the exhibits in paper. Under most circumstances, the Court will not accept File Transfer Protocol (FTP), email, or other cloud based submissions. Counsel are strongly urged to utilize the Court's electronic evidence presentation system. Please contact the Clerk's Office, in advance, for instructions on use of the electronic evidence presentation system.

    Counsel are encouraged to stipulate to the admissibility of exhibits in advance of the hearing. Stipulations may be presented to the Court in advance of or at the beginning of the hearing.

    Failure to comply with this order or to otherwise comply with D. Kan. LBR 9072.1 may result in a ruling that exhibits are not admissible.

2. LEGAL/TRIAL BRIEFS

    The Court will consider legal/trial briefs filed more than **three (3) business days** in advance of the hearing. The Court will not otherwise consider legal/trial briefs absent a showing of excusable neglect.

3. **SETTLEMENT**

    **Counsel are REQUIRED to notify the Clerk's Office and/or the Court IMMEDIATELY, via telephone or e-mail, when a matter has been settled and an evidentiary hearing is no longer necessary.**

    An agreed Journal Entry settling a matter may be presented to the Clerk's Office at any time prior to **twenty-four (24) hours** before the commencement of the hearing. Counsel are otherwise required to appear and announce the settlement on the record.

The Court has adopted the following **RULES OF TRIAL**:

1. Normally, **court will convene at 9:30 a.m.** and recess at 5:00 p.m. The parties may expect morning, lunch, and afternoon breaks at appropriate times.

2. Absent good cause shown, opening statements are limited to thirty (30) minutes for each side.

3. The interrogation of each witness shall consist of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted except by leave of the Court in extraordinary circumstances.

4. Absent good cause shown, the direct examination of each witness shall be no longer than sixty (60) minutes. Cross-examination shall be no longer than direct. Redirect shall be no longer than twenty (20) minutes, and recross-examination shall be no longer than redirect. Expert witnesses may testify about their qualifications and background for no longer than five (5) minutes on direct examination; cross-examination concerning the expert's qualifications will be unlimited except insofar as the general time limitation on cross-examination applies.

5. Parties will be permitted to present the Court with an expert's curriculum vitae.

6. Unless permission is granted before the trial begins, a maximum of two (2) expert witnesses shall be allowed to testify for any party on any one (1) subject.

7. Counsel may approach the witness for any legitimate purpose without requesting permission to do so. Counsel should question the witness from the podium provided in the courtroom.

8. Except in unusual circumstances, counsel should stand when addressing the Court or when examining the witness.

9. Except in unusual circumstances, a witness should be allowed to complete an answer. If the question calls for a "yes" or "no" answer, you may anticipate that the witness will be allowed an opportunity to explain that answer.

10. When making an objection, counsel should say only "objection" plus the legal reason for the objection, e.g., leading, hearsay, etc. Objections to evidence should be made only by counsel handling the witness. Objections during opening statements or closing arguments should be made only by counsel making opening statements or closing arguments.

11. Only one (1) counsel per party may examine a witness.

12. Visible reactions to the testimony of witnesses, counsels' presentations, or to the Court's rulings (such as facial or body gestures) are inappropriate.

13. Do not converse with your client or co-counsel in a manner that your conversation may be heard by the Court.

14. Each party shall mark each of its exhibits prior to trial with an exhibit sticker indicating whether the exhibit is being offered by the plaintiff or the defendant, debtor or creditor, or like designation, along with the appropriate exhibit designation. *See* D. Kan. LBR 9072.1. The designation for each exhibit shall match the designation for that exhibit on the exhibit list furnished to the clerk prior to trial.

###

# EXHIBIT SHEET

**CASE NAME:** _____

**CASE NO:** _____

**ADVERSARY NO:** _____

**EXHIBITS SUBMITTED BY:**

_____ Attorney for: _____

**TRIAL DATE**: _____

| *NO.* | *DESCRIPTION* | *ID* | *OFF* | *ADM* | *DISPOSITION* |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**NOTE: <u>Plaintiffs or movants must use numerical symbols. Defendants must use alphabetical symbols. The Court requires three (3) complete sets of exhibits, three business days in advance of trial.</u>**

5 of 6

Case 21-06015    Doc# 32    Filed 01/19/23    Page 5 of 6

LBR 9072.1

## EXHIBITS

(a)       Exhibits to Pleadings or Papers. Bulky or voluminous material should not be submitted for filing with a pleading or paper or incorporated by reference therein, unless the materials are essential. The court may order any pleading or paper stricken if filed in violation of this rule.

(b)       Preparation of Trial Exhibits. When practical, all documentary exhibits must be prepared for trial in the following manner:

    (1)     Original exhibits must be pre-marked by counsel by affixing exhibit stickers thereto. Plaintiffs or Movants must use numerical symbols, e.g.,1, 2, etc. Defendants must use alphabetical symbols, e.g., A through Z, AA, BB, etc. If there is more than one Plaintiff and/or Defendant in the case, the surname or corporate name of the offering party must be placed on the exhibit sticker for further identification.

    (2)     Copies of exhibits must be prepared for the judge and each party; the original will be utilized by the witness.

    (3)     An exhibit cover sheet in the form prescribed by the clerk must be prepared and submitted to the parties and the judge.

    (4)     Any document offered in a hearing or trial that is not clearly legible may be excluded by the Court.

    (5)     Counsel are strongly urged to utilize the Court's electronic evidence presentation system and provide exhibits on compact disks. Please contact the Clerk's Office, in advance, for instructions on use of the electronic evidence presentation system.

(c)       Withdrawal of Exhibits. Exhibits introduced into evidence may be withdrawn from the custody of the clerk with permission of the clerk or upon Order of the Court. Any exhibit not withdrawn after final disposition of the proceeding may be destroyed or otherwise disposed of by the clerk.

(d)       Electronic Filing. Unless otherwise directed by the Court, trial exhibits are not to be filed electronically.